**In re: K.P., a Minor.**

**Appeal of: J.P., Natural Mother.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 2005.
Filed April 13, 2005.

James R. Elliott, Scranton, for appellant.

Christopher P. Arnone, Scranton, Guardian Ad Litem. for appellee.

Kim A. Giombetti, Scranton, for Lackawanna County, appellee.

BEFORE: DEL SOLE, P.J., McCAFFERY and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 J.P. (Mother) appeals the decree of the Orphans' Court Division of the Court of Common Pleas of Lackawanna County that involuntarily terminated her parental rights in her minor child, K.P. (Child). Upon review, we reverse and remand.

¶ 2 The relevant facts and procedural history of this case are as follows: Child was born on November 30, 1999, to Mother and J.B. (Father). Lackawanna Children and Youth Services (CYS) filed a petition for adjudication of dependency in 2001 based on Mother's addictions to alcohol and controlled substances. On May 16, 2001, Child was adjudicated dependent and placed in foster care.

¶ 3 The trial court held review hearings in November 2001, July 2002, September 2002, and December 2002. The trial court concluded that Child remained dependent after each of these hearings. At the December 2002 permanency review hearing, Mother admitted to the trial court that she used a controlled substance while on parole for a disorderly conduct conviction. The trial court then revoked Mother's parole and incarcerated her.

¶ 4 The trial court conducted a review hearing on July 31, 2003, whereat CYS sought to change Child's permanency goal from reunification with Mother to adoption based on CYS's conclusion that Mother failed to meet her goals in combating her addictions. The trial court granted CYS's petition and changed Child's goal from reunification with Mother to adoption.

¶ 5 Thereafter, on September 24, 2003, Father relinquished voluntarily his parental rights in Child and consented to her adoption. On that same day, CYS filed a petition to involuntarily terminate Mother's parental rights. Counsel was appointed for Mother on October 27, 2003. The trial court conducted a hearing on the petition on October 29, 2003, which was continued to February 10, 2004. At the conclusion of the hearing, the trial court ordered the parties to file legal memoranda. Mother requested the trial court to allow her to continue to visit with Child while it decided the termination issue and to permit her to file an appeal *nunc pro tunc* from the goal change order of July 31, 2003, because she was not represented by counsel at the goal change hearing. The trial court denied Mother's requests. Thereafter, on May 26, 2004, the trial court terminated Mother's parental rights in Child, and it authored an opinion in support of its termination decree.

¶ 6 Mother filed a motion for reconsideration and exceptions to the trial court's May 26, 2004 decree. The trial court denied Mother's motion for reconsideration on October 1, 2004. Mother filed a notice of appeal to this Court on October 12, 2004, but the trial court did not require her to file a concise statement of matters complained of on appeal. The trial court did not file a second opinion in this case.

¶ 7 Mother presents the following issues for our review:

I.  Whether [Mother] was denied due process of law at the change of goal hearing and her right to appeal by the failure of the [trial] court to appoint her counsel to assist her at the hearing and failed to appoint her counsel to appeal the order changing the goal to adoption, despite her request for counsel?

II. Whether [Mother] was denied due process of law at the termination hearing when the court denied counsel the opportunity to adequately prepare for the hearing having had only two days notice, and then issued an opinion that was copied *verbatim* from the brief submitted by [CYS]?

III. Whether the [trial court] erred in granting the petition to terminate [parental] rights when the evidence failed to show that [Mother] evidenced a settle[d] purpose to relinquish her parental rights [in Child]?

Mother's brief, at 4.[1]

¶ 8 Before we analyze Mother's issues, we must consider whether we have jurisdiction to entertain the present appeal. *See Rieser v. Glukowsky*, 435 Pa.Super. 530, 646 A.2d 1221, 1223 (1994). The appellate jurisdiction of this Court is invoked where an appellant files an appeal within 30 days after entry of an appealable order. *See* Pa.R.A.P. 903(a). Mother filed her notice of appeal within 30 days after the trial court denied reconsideration of its May 26, 2004 decree. Although motions for reconsideration are permissible in most domestic relations cases, they are not permitted in involuntary termination matters. *See* Pa.Sup.Orph.Ct. 7.1(e); *see also* Pa.R.Civ.P.1930.2(b). Therefore, Mother's appeal, filed on October 12, 2004, is untimely on its face.

¶ 9 Normally, this procedural defect would require this Court to quash Mother's appeal. However, the record reflects that the trial court's May 26, 2004 decree was not ***entered*** on the record properly, and, as such, the 30–day appeal period was not triggered in this case. An order (or decree) is "entered" where it is entered on the docket and notation is placed in the record that the clerk of court or prothonotary delivered or mailed copies of the order to the parties. *See* Pa.R.A.P. 108(b). The record lacks any notation that the May 26, 2004 decree was delivered or mailed to the parties. In such a circumstance, the 30–day appeal period is not triggered through the trial court's failure to enter the order properly, and this Court may exercise jurisdiction over the otherwise untimely appeal. *See Estate of Keefauver*, 359 Pa.Super. 336, 518 A.2d 1263, 1264–65 (1986), *appeal denied*, 516 Pa. 634, 533 A.2d 92 (1987). Therefore, we conclude that appellate jurisdiction over the trial court's May 26, 2004 decree is vested in this Court, and we will address Mother's issues pertaining to the termination hearing. *Id.*, 518 A.2d at 1264–65.

¶ 10 Conversely, we conclude that we are without jurisdiction to entertain Mother's arguments regarding the goal change hearing. Orders granting or denying goal changes, as well as orders terminating or preserving parental rights, are final and appealable when entered and remain in effect until overturned on appeal or rendered moot by a subsequent order. *In re H.S.W.C.-B.*, 575 Pa. 473, 836 A.2d 908 (2003). Therefore, to invoke the appellate jurisdiction of this Court, Mother was required to file a notice of appeal within 30 days of the entry of the trial court's July 31, 2003 goal change order. *See* Pa.R.A.P. 903(a). Mother failed to take this action, and, therefore, we must dismiss her first argument.

¶ 11 As stated above, Mother challenges the propriety of the trial court's termination decree. Our review of Mother's appeal is governed by the following standard:

An appellate court, in reviewing a termination order, must employ a broad, comprehensive review of the record, but is limited in its standard of review to a determination of whether the trial court's termination of [Mother's] parental rights is supported by competent evidence. Stated differently, unless the lower court has abused its discretion or committed an error of law, the order must stand. Furthermore, the burden

---

1. We have renumbered Mother's issues.

of proof on the party seeking to terminate another's parental rights is one of clear and convincing evidence. In order to meet the clear and convincing burden of proof, appellee must instill in the mind of the court a firm belief or conviction.

*In re Baby Boy P.*, 333 Pa.Super. 462, 482 A.2d 660, 661 (1984).

¶ 12 Mother asserts first that the trial court abused its discretion when the court denied counsel the opportunity to prepare adequately for the hearing and then by issuing an opinion that was copied *verbatim* from the memorandum of law submitted by CYS in support of terminating Mother's parental rights.

¶ 13 Although Mother's counsel was appointed on October 27, 2003, two days prior to the initial termination hearing on October 29, 2003, the hearing was continued to February 10, 2004. Therefore, Mother's appointed counsel had sufficient time to familiarize himself with the case and raise any additional points or defenses which he may not have presented at the first hearing due to his unfamiliarity with the case. Therefore, Mother's argument fails.

¶ 14 Next, Mother argues that the trial court abused its discretion by issuing an opinion copied *verbatim* from CYS's memorandum of law as support for its termination decree. We agree with Mother's argument.

¶ 15 Review of CYS's memorandum of law and the trial court's May 26, 2004 opinion indicates that they are nearly identical in substance. In termination cases, an appellate court employs a broad **scope of review** to ensure that the trial court has satisfactorily fulfilled the requirements of examining all evidentiary resources. *Matter of Adoption of Embick,* 351 Pa.Super. 491, 506 A.2d 455 (1986).

As explained in *In the Interest of S.B.,* 833 A.2d 1116 (Pa.Super.2003):

Scope of review, relates to the appellate court's duty to ensure that the trial court has satisfactorily fulfilled the requirements of examining all evidentiary resources, conducting a full hearing and setting forth its decision in a full discursive opinion. A broad *scope* of review, therefore, requires that the appellate court conduct a comprehensive review of the record formulated in and the decision formulated by, the lower court. In other words, in reviewing a termination of parental rights order, our Court must consider all evidence before the lower court as well as the lower court's findings of fact and conclusions of law.

*In the Interest of S.B.,* 833 A.2d at 1117 n. 1 (*citing In re Adoption of James J.,* 332 Pa.Super. 486, 481 A.2d 892, 900 (1984) (Hoffman, J., concurring) (citations omitted)).

¶ 16 We are unable to exercise our broad scope of review where the trial court fails to exercise its own independent analysis of the record in a full discursive opinion, as has occurred in the present case. In reaching this conclusion, we find persuasive the recent holding of the Third Circuit Court of Appeals in *Bright v. Westmoreland County,* 380 F.3d 729 (3d Cir. 2004). In *Bright,* the District Court for Western District of Pennsylvania requested the defendants to provide a proposed *opinion* after they moved for dismissal of the case. *Id.,* 380 F.3d at 731. Thereafter, the District Court adopted the proposed opinion as its own, with slight grammatical and stylistic changes. *Id.,* 380 F.3d at 731.

¶ 17 On review, the Third Circuit Court of Appeals reversed and remanded the case for reevaluation of the defendants' motion. *Bright,* 380 F.3d at 732. The

Third Circuit Court concluded the following:

> Judicial opinions are the core work-product of judges. They are much more than findings of fact and conclusions of law; they constitute the logical and analytical explanations of why a judge arrived at a specific decision. They are tangible proof to the litigants that the judge actively wrestled with their claims and arguments and made a scholarly decision based on his or her own reason and logic. When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions. We, therefore, cannot condone the practice used by the District Court in this case.

*Bright,* 380 F.3d at 732.

¶ 18 We agree with this analysis. Moreover, as the Court held, the practice of "adopting" opinions from either party is especially troubling where, as here, the trial court accepts as true in its opinion the *factual assertions* set forth by a party, without any indication in the record that the facts "found" in the adopted opinion were the products of the trial court's independent judgment. *Bright,* 380 F.3d at 732. Therefore, we are constrained to conclude that we are unable to exercise proper appellate review in this case due to the trial court's failure to author an independent judicial opinion supported by independent factual findings. Accordingly, we are compelled to reverse the trial court's decree and remand for reevaluation of CYS's termination petition in light of our holding.

¶ 19 Decree reversed. Case remanded with instructions. Jurisdiction relinquished.