J-A35014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.G., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.T., | |
| Appellee | No. 684 WDA 2015 |

Appeal from the Order March 26, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD 01-002596-001

| | |
|---|---|
| N.G., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.T., | |
| Appellee | No. 685 WDA 2015 |

Appeal from the Order Dated March 26, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD 06-008192-001

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 30, 2015**

N.G. ("Mother") appeals *pro se* from the order dated March 26, 2015, issued by the Court of Common Pleas of Allegheny County, which awarded primary physical custody of her daughter, N.T. ("Child"), born in May of 2007, to Child's father, J.T. ("Father"), and awarded Mother periods of

partial physical custody. The order also awarded the parties shared legal custody. For the following reasons, we dismiss this appeal.[1]

The trial court summarized the factual and procedural history of this matter as follows.

> [Mother] and [Father] are the parents of two children, [Child] . . . , and son J.T., III, born [in November of] 2000 (Child's "Brother," or the parties' "Son"). Mother and Father have pursued child custody litigation for several years. In May 2013, the previously[-]assigned judge entered a consent order that awarded primary custody of [Child] to Mother and primary custody of Son to Father. The order awarded limited partial custody of each child to the parent without primary custody. On April 30, 2014, Mother initiated the current proceedings by filing a petition for custody modification seeking sole physical custody of [Child]. Father later filed a cross-petition for primary physical custody on September 4, 2014. Neither party raised any issues regarding custody of Son.
>
> The [trial c]ourt conducted a hearing in the matter over three days -- December 19, 2014, February 11, 2015, and March 17, 2015. During the hearing, the [trial c]ourt heard testimony from Mother, Guardian *ad litem* ("GAL") Mary Adamczyk, Esq., Paternal Grandmother, Father, Child, and Child's Brother. . . .
>
> ***
>
> After completing testimony on the third day, the [trial c]ourt announced its decision awarding primary physical custody of [Child] to Father and discussed its findings related to the 16 custody factors on the record. The [c]ourt subsequently issued its final order on March 26, 2015. The order was entered on the

---

[1] We note that the certified record in this case was originally due on June 1, 2015. However, this Court did not receive the record from the trial court until well past the due date, on July 15, 2015. As a result, the briefing schedule is this matter was delayed by approximately a month and a half.

docket on March 30, 2015. On April 30, 2015, Mother timely filed a notice of appeal . . . .[2, 3]

Trial Court Opinion, 7/14/2015, at 3 (footnotes omitted).

Rule 2101 of our Rules of Appellate Procedure provides that an appellant's brief "shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit . . . ." Pa.R.A.P. 2101. If a brief fails to comply with the Rules of Appellate

---

[2] The trial court's order was listed on two separate dockets, and Mother filed two notices of appeal. We note that Mother's notices of appeal were not untimely filed, even though they were filed thirty-one days after the court's custody order was docketed. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Pa.R.A.P. 108(b) provides that an order is not "entered" on a trial court docket until "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." Here, the trial court dockets do not indicate that Mother was ever given notice of the entry of the court's order. Thus, the order was not "entered," pursuant to Pa.R.A.P. 108(b), and the thirty-day appeal period did not begin to run. **See In re K.P.**, 872 A.2d 1227, 1230 (Pa. Super. 2005) (concluding that the Court had jurisdiction to address an otherwise untimely appeal, where "[t]he record lacks any notation that the May 26, 2004 decree was delivered or mailed to the parties").

[3] While Mother did not file separate concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), Mother's notices of appeal included sections entitled "Questions for Review," which alleged numerous trial court errors. The trial court appears to have treated these "Questions for Review" as Mother's concise statements. We also will accept Mother's "Questions for Review" as her concise statements, as we discern no prejudice stemming from Mother's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i). **See In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that the appellant mother's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

Procedure, and "the defects in the brief . . . are substantial, the appeal or other matter may be quashed or dismissed." ***Id.*** Additionally, this Court has emphasized that it is the obligation of the appellant to present arguments that are sufficiently developed for our review. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012). "'We will not act as counsel and will not develop arguments on behalf of an appellant.'" ***Id.*** (quoting ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008)). "While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2009) (quoting ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996)).

Here, Mother's *pro se* brief fails to comply with our Rules of Appellate Procedure in numerous respects. Mother's brief does not contain a statement of questions involved, as required by Pa.R.A.P. 2111(a) and 2116(a). Mother's brief does not include the text of the subject custody order, nor does it include a statement of the case. ***See*** Pa.R.A.P. 2111(a), 2115(a), 2117. In addition, the argument section of Mother's brief contains little, if any, actual argument. Instead, Mother's "argument" consists of a lengthy and rambling recitation of facts. ***Cf.*** Pa.R.A.P. 2119(a) (providing that the argument section of an appellant's brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head

- 4 -

of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Mother's defective brief prevents our consideration of the merits of her appeal, as we are unsure what issues Mother wishes us to address, and because Mother fails to support any of those issues with coherent legal argument.

Accordingly, because Mother's *pro se* brief contains substantial defects, we are constrained to dismiss this appeal. *See* Pa.R.A.P. 2101, *supra*.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015