J-A10030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF: K.M.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF J.M.S., BIRTH FATHER | No. 1858 WDA 2015 |

Appeal from the Order October 21, 2015
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s): No. 7 of 2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED MAY 18, 2016**

The matter before us is an Order of Termination filed by the trial court on October 21, 2015.  In that order, the trial court terminated the parental rights of J.M.S., the father of the child in issue. Because the trial court has not provided the parties or this Court with any type of analysis or discussion of the evidence, we remand.

J.M.S. is the natural father of the minor child, K.M.S. After the birth mother terminated her parental rights by way of a confirmed consent, the Westmoreland County Children's Bureau took custody of the child, and the child was placed in a foster home.

The child was adjudicated dependent on November 1, 2013. Father has been incarcerated for major periods of time since the child's placement

in foster care. Eventually, the Bureau filed a Petition for Termination of Parental Rights against Father. A trial was held on September 17, 2015.

Following the trial, the trial court entered a form order on October 21, 2015, placing check marks in the boxes that contain the statutory language to support a termination. This language is not oriented toward the facts of this case, but is generic for any termination case.

Father filed an appeal, and then submitted to the trial court a Concise Statement of Matters Complained of on Appeal, which was filed on November 20, 2015. Although the Concise Statement contains very general allegations that the trial court erred in its decision to grant termination, it does reference arguments that:

1. The trial court erred in finding that no bond existed between Father and his child;

2. The termination was based on environmental factors which were beyond the control of Father; and

3. The trial court erred in finding that the termination would best serve the needs and welfare of the child.

In response, the trial court filed a "STATEMENT IN LIEU OF OPINION" which did not address the issues raised by Father, but instead, in a summary and cursory fashion, provided:

> In response to Appellant/Father's Concise Statement of Errors Complained of on Appeal, filed on November 20, 2015, this Court will rely upon the Order of Court entered in this matter on October 21, 2015, along with the record of the proceedings held on March 11, 2015 and September 17, 2015, respectively, and will issue no further Opinion.

There is no review of the evidence or analysis of the grounds for termination in the transcripts from March 11 or September 17, 2015.

"[O]ur standard of review is limited to determining whether the order of the trial court is supported by competent evidence, and whether the trial court gave adequate consideration to the effect of such a decree on the welfare of the child." *In re I.J.,* 972 A.2d 5, 8-9 (Pa. Super. 2009) (citation omitted). We employ a broad, comprehensive review of the record in order to determine whether the trial court's decision was supported by competent evidence. *See In re B.L.W.,* 843 A.2d 380, 383 (Pa.Super. 2004) (*en banc*).

In this case, we are unable to exercise proper appellate review due to the trial court's failure to author an independent judicial opinion supported by independent factual findings. *See In re K.P.*, 872 A.2d 1227, 1231-1232 (Pa. Super. 2005). Accordingly, this case is remanded for an evaluation by the trial court of the petition and supporting evidence presented by the Bureau.

The trial court **must** file an opinion in this Court **within thirty days** of the date of this memorandum. Upon receipt of the record in this Court, Appellant's counsel shall be granted thirty days to file a supplemental brief. Upon the filing of Appellant's supplemental brief, Appellee's counsel shall be granted thirty days to file a supplemental brief. The Prothonotary is directed

to then relist this case on the next available Argument List following receipt of the trial court's opinion.

Jurisdiction retained. Case remanded for proceedings consistent with this memorandum.