J-A11025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: I.J.K., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.M.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 15 MDA 2017 |

Appeal from the Order Entered December 1, 2016
In the Court of Common Pleas of Juniata County
Orphans' Court at No(s): 0009-Adopt-2015-IJK

| | | |
|---|---|---|
| IN RE: I.D.M., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.M.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 16 MDA 2017 |

Appeal from the Order Entered December 1, 2016
In the Court of Common Pleas of Juniata County
Orphans' Court at No(s): 0010-ADOPT-2015

BEFORE:   SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MOULTON, J.:              **FILED JUNE 29, 2017**

D.M.K. ("Mother") appeals from the December 1, 2016 orders entered in the Juniata County Court of Common Pleas involuntarily terminating her parental rights to I.D.M. (born in June 2012), and I.J.K. (born in May 2014)

---

[*] Former Justice specially assigned to the Superior Court.

(collectively "the Children") pursuant to the Adoption Act, 23 Pa.C.S. § 2511 (a)(1), (2), (5), (8), and (b), and changing the Children's permanency goal to adoption under the Juvenile Act, 42 Pa.C.S. § 6351. We remand this matter to the trial court for the preparation of an opinion pursuant to the Pennsylvania Rule of Appellate Procedure 1925(a).

In her Pa.R.A.P. 1925(b) Concise Statements of Errors Complained of on Appeal, Mother raises the following issues.

1. Juniata County Children and Youth Services failed to prove by clear and convincing evidence that involuntary termination of Mother's parental rights would serve the emotional needs and welfare of the child.

2. The trial court committed an error of law by involuntarily terminating Mother's parental rights without fully considering the impact of termination on the emotional needs and welfare of the child.

3. The trial court committed an error of law by failing to consider evidence that was relevant to the crucial question of whether the child's emotional needs and welfare would be served by involuntary termination of Mother's parental rights.

Mother's Brief at 7.

In termination cases, "an appellate court employs a broad scope of review to ensure that the trial court has satisfactorily fulfilled the requirements of examining all evidentiary resources." *In re K.P.*, 872 A.2d 1227, 1231 (Pa.Super. 2005) (emphasis omitted); *Matter of Adoption of Embick,* 506 A.2d 455, 461 (Pa. Super. 1986). This Court has explained that:

> Scope of review[] relates to the appellate court's duty to ensure that the trial court has satisfactorily fulfilled the requirements of examining all evidentiary resources, conducting a full hearing and setting forth its decision in a full discursive opinion. A broad scope of review, therefore, requires that the appellate court conduct a comprehensive review of the record formulated in and the decision formulated by, the lower court. In other words, in reviewing a termination of parental rights order, our Court must consider all evidence before the lower court as well as the lower court's findings of fact and conclusions of law.

*In re K.P.*, 872 A.2d at 1231 (quoting *In the Interest of S.B.*, 833 A.2d 1116, 1117 n.1. (Pa.Super. 2003)) (emphasis omitted).

Here, the trial court's four page Memorandum in support of its December 1, 2016 orders does not provide us with sufficient assurance that all of the salient facts were given due consideration and weight. The trial court did not make any pertinent findings of fact, did not address the above substantive issues of Mother's appeal, did not specify which subsection (or subsections) of 23 Pa.C.S. § 2511(a) it utilized to terminate Mother's parental rights, and did not conduct a thorough analysis under either 23 Pa.C.S. § 2511(a) or (b).

As we explained in *In re K.P.*, "[w]e are unable to exercise our broad scope of review where the trial court fails to exercise its own independent analysis of the record in a full discursive opinion." 872 A.2d at 1231. Consequently, we must remand this case to the trial court, so that it may make the requisite factual findings and conduct a proper analysis under 23 Pa.C.S. § 2511(a) and (b).

Within twenty days of this memorandum, the trial court shall issue a Rule 1925(a) opinion that provides the history of the case, recites its factual findings, states which subsection of 23 Pa.C.S. § 2511(a) it utilized to terminate Appellant's parental rights, and applies the facts to the law of 23 Pa.C.S § 2511(a) and (b).

Case remanded.  Panel jurisdiction retained.