J-S51014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.J.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: A.W., MOTHER | : | |
| | : | No. 875 MDA 2019 |

Appeal from the Decree Entered April 26, 2019
In the Court of Common Pleas of York County
Orphans' Court at No(s): 2019-0026a

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 30, 2019**

A.W. ("Mother") appeals from the decree entered April 26, 2019, that granted the petition of the York County Office of Children Youth and Families ("CYF"), and involuntarily terminated her parental rights to her daughter, L.J.W. ("Child").[1] After careful review, we are constrained to quash the instant appeal.

Child was born prematurely in October 2018 and remained in the Neonatal Intensive Care Unit ("NICU") for several months prior to being discharged. *See* Opinion, 4/25/19, at 2. CYF was familiar with Mother, as the court had involuntarily terminated her parental rights to three of her four previous children.

---

[1] That same day, the parental rights of Q.T.W. (Father) were terminated. Father has not appealed and is not a party to the instant appeal.

Upon receiving a referral indicating Mother had been abusing drugs and alcohol, CYF scheduled a home visit while Child was still in NICU. When CYF visited the home, it smelled of animal urine. *See id.* There was black mold in the basement, necessitating relocation, and bed bugs in the new apartment, which parents addressed. *See id.* Mother admitted to using marijuana while pregnant and refused to participate in drug testing.

The trial court found Child dependent on December 12, 2018. *See* Order of Adjudication and Disposition, 12/12/18, at 1. That same day, the court entered a finding of aggravated circumstances against Mother based upon the previous termination of Mother's parental rights to Child's siblings. *See* Aggravated Circumstances Order, 12/12/18, at 1.

Jonathan Gransee, Psy.D., subsequently performed a parental evaluation of Mother. In his filed report, he expressed concerns that based upon Mother's apparent deficiencies in judgment, there was a real danger that she would expose Child to trauma and abuse. *See* Parenting Capacity Assessment, 2/18/19, at 11. Dr. Gransee concluded that Mother did not appear to have the capacity to parent a child. *See id*.

On February 21, 2019, CYF filed a petition to involuntarily terminate Mother's parental rights to Child. On April 26, 2019, following a hearing, the orphans' court entered a decree involuntarily terminating Mother's parental

rights to Child. Notice was sent to Mother pursuant to Pa.O.C. Rule 4.6.[2] On May 2, 2019, the court's opinion, dated April 25, 2019, was entered onto the docket.

Mother filed her notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) on May 30, 2019.

On appeal, Mother raises the following issues for our review:

> 1. Whether the lower court erred as a matter of law and[/]or abuse[d] its discretion in terminating Mother's parental rights when the agency failed to meet its burden that termination of parental rights was warranted under [23 Pa.C.S. §] 2511(a)(2)[?]
>
> 2. Whether the lower court abused its discretion in granting the agency's request to terminate Mother's parental rights[?]

**See** Mother's Brief at 8 (unnecessary capitalization and suggested answers omitted).

Prior to addressing the merits of Mother's issues, we must first determine whether we have jurisdiction to hear her appeal. Generally, an appellant must file an appeal within thirty days of the date the order was entered. **See** Pa.R.A.P. 903. For purposes of Rule 903, an order is entered when it is placed on the docket and notation is made in the record that the

---

[2] Rule 4.6 provides that the clerk shall immediately give written notice of the entry of an adjudication or court order to each party's counsel of record and a copy of the order, and note in the docket the date when notice was given to the party or his counsel. Pa.O.C. Rule 4.6. The notes to this rule observe that it has no counterpart in any former Orphans' Court Rule, but is derived from Pa.R.C.P. 236.

court official delivered or mailed copies of the order to the parties. *See In re K.P.*, 872 A.2d 1227, 1230 (Pa. Super. 2005). "An order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999). Our Supreme Court has held that compliance with Pa.R.C.P. 236 is necessary for the appeal period to start running. *See id.* at 115.

Pennsylvania's Orphans' Court Rules govern petitions for the involuntary termination of parental rights. *See* Pa.O.C.R. 15.4. The Orphans' Court Rules require court officials to immediately give written notice of an order terminating parental rights to the parties, and indicate in the dockets when such notice has been provided. *See* Pa.O.C.R. 4.6. Rule 4.6 was derived from Pa.R.C.P. 236. *See id.*, *Note*. We therefore conclude Pa.O.C.R. 4.6 serves the same function as Pa.R.C.P. 236. An order pursuant to orphans' court jurisdiction is entered, for purposes of Pa.R.A.P. 903, once a court official complied with Rule 4.6.

Here, the docket entries indicate Mother was given notice of the order terminating her parental rights pursuant to O.C.R. 4.6 on April 26, 2019. Accordingly, we will treat the notice requirements satisfied, as we would have done under *Frazier*. Accordingly, Mother had until Tuesday, May 28, 2019, to timely file her appeal.[3] Mother did not file her notice of appeal and concise

---

[3] *See* 1 Pa.C.S. § 1908 (noting that the computation of time excludes the first and last day of a period, and that when the last day of a period falls on a

- 4 -

statement of errors until May 30, 2019, two days late. Accordingly, this Court issued a rule to show cause why the appeal should not be quashed as untimely. *See* Order, 6/24/19, at 1.

Mother's counsel responded that she inadvertently and in error used the date of the orphans' court opinion, May 1, 2019, to calculate the thirty-day period. *See* Response to Rule to Show Cause, 7/1/19, at 1-2. Mother's counsel did not aver that she had not received notice of the entry of the order, merely that, had the order been entered on May 1, 2019, her appeal would have been timely, and that no party was prejudiced by the late filing. *Id.*

However, we are not empowered to extend the thirty-day appeal period. *See* Pa.R.A.P. 105. Accordingly, because Mother untimely filed her appeal, we are constrained to quash the instant appeal as untimely. *See* Pa.R.A.P. 903, *K.P.*, 872 A.2d at 1230.

Even if we were to reach the merits of Mother's appeal, we would conclude the trial court did not err or abuse its discretion. The evidence of record clearly supports a finding that Mother's incapacity has caused the Child to be without essential parental care, and that Mother cannot remedy this incapacity. *See* 23 Pa.C.S.A. § 2511(a)(2). As Mother has not challenged the trial court's findings pursuant to section 2511(b), we would affirm the order terminating her parental rights even if Mother had timely appealed.

---

Saturday, Sunday, or legal holiday, that day may be omitted from computation). In the instant case, the thirty-day period ran on Sunday, May 26, 2019, and Monday, May 27, 2019, was a legal holiday.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/2019