J-S47028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: Z.D.N., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.A.P., MOTHER | |
| | No. 650 MDA 2019 |

Appeal from the Decree Entered April 10, 2019
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s): A-12-2018

| | |
|---|---|
| IN RE: C.J.N., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.A.P., MOTHER | |
| | No. 651 MDA 2019 |

Appeal from the Decree Entered April 10, 2019
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s): A-13-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 26, 2019**

R.A.P. (Mother) appeals from the decrees granting the petitions of the Lackawanna County Office of Youth and Family Services (OYFS) seeking the involuntarily termination of Mother's parental rights to Z.D.N., born in February 2015, and C.J.N., born in July 2016 (collectively, Children).  For the reasons that follow, we remand this matter for the filing of a Pa.R.A.P. 1925(a) opinion.

The relevant procedural history is as follows. Following a hearing on March 21, 2019, the trial court granted OYFS's petitions and entered a brief statement on the record. On April 10, 2019, the trial court entered the decrees terminating Mother's parental rights. However, the orders did not specify which subsection or subsections of 23 Pa.C.S. § 2511(a) upon which the trial court relied to terminate Mother's parental rights.

Mother timely filed her notices of appeal and concise statements of errors complained of on appeal on April 22, 2019. The trial court did not file Rule 1925(a) opinions.

On appeal, Mother raises the following issues:

1. Whether the [trial court] erred as a matter of law and/or manifestly abused its discretion in determining [OYFS] sustained its burden of proving the termination of [Mother's] parental rights is warranted under Sections 2511(a)(2), 2511(a)(5) and/or 2511(a)(8) of the Adoption Act?

2. Even if this Court concludes [OYFS] established statutory grounds for the termination of [Mother's] parental rights, whether the [trial court] nevertheless erred as a matter of law and/or manifestly abused its discretion in determining [OYFS] sustained its additional burden of proving the termination of [Mother's] parental rights is in the best interests of [Children]?

Mother's Brief at 5.[1]

Our Supreme Court has stated:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate

---

[1] Mother's Rule 1925(b) statements, while phrased somewhat differently, contain the same issues as her statement of questions involved.

courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Here, as indicated above, the trial court's orders did not identify the specific grounds under Section 2511(a) and (b) for granting OYFS's petitions, and the trial court's on-the-record statement alone is insufficient to address the issues Mother raises on appeal. Furthermore, the trial court has not filed Rule 1925(a) opinions.

We acknowledge the need to decide appeals from decrees terminating parental rights in an expeditious manner. However, the present state of the record hinders this Court's ability to conduct meaningful appellate review. *See In re K.P.*, 872 A.2d 1227, 1232 (Pa. Super. 2005). Therefore, we are constrained to remand this matter to the trial court for the filing of Rule 1925(a) opinions no later than twenty-one (21) days from the date of this decision. The trial court shall provide an analysis regarding Mother's issues on appeal.

Case remanded. Panel jurisdiction retained.