J-S61044-19
J-S61045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL  JONES :
:
Appellant : No. 139 EDA 2019

Appeal from the Judgment of Sentence Entered November 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0016321-2008

=====================================================

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL  JONES :
:
Appellant : No. 140 EDA 2019

Appeal from the Judgment of Sentence Entered November 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001994-2009

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED FEBRUARY 11, 2020**

_____

[*] Former Justice specially assigned to the Superior Court.

Because I believe the instant appeals should be quashed as untimely, I respectfully dissent from the Majority Memorandum.[1]

The Majority holds that "although Appellant's designation of the wrong date for the appealed-from judgment may have rendered the notice of appeal defective, it did not affect the validity of the appeal." Majority Memorandum at 4. Respectfully, I do not agree.

On October 11, 2018, Appellant filed a counselled Amended PCRA petition wherein he requested that his appellate rights be reinstated and raised various claims of trial counsel's ineffectiveness. In its Order entered on December 12, 2018, the trial court granted Appellant's motion to reinstate his appellate rights. However, on December 14, 2018, Appellant filed notices of appeal from the trial court's December 12, 2018, Order.

On February 4, 2019, this Court issued a Rule to Show Cause why the instant appeal should not be quashed because Appellant is not an aggrieved

---

[1] The Majority states that this Court could quash the instant appeals as interlocutory in light of the fact that the PCRA court's December 12, 2018, Orders contain no notation of the date upon which service was made in accordance with the mandates of Pa.R.Crim.P. 114(c)(2) and, therefore, the Orders have not been entered on the docket properly. Majority Memorandum at 6. However, despite the Clerk's failure to note the date of service on the dockets, Appellant obviously received the December 12, 2018, Orders, as he filed notices of appeal just two days later on December 14, 2018. In such instances, this Court will treat the appeal "as if the Clerk inscribed the date of service on the docket on [the date upon which the Order was entered]" which herein was December 12, 2018. **Commonwealth v. Howard**, 659 A.2d 1018, 1021 n. 12 (1995).

- 2 -

party. On February 6, 2019, counsel filed a response to the February 4, 2019,
Rule to Show Cause along with an untimely "Amended Notice of Appeal" from
the trial court's November 1, 2016, Order. Thereafter, this Court entered the
following *Per Curiam* Order on February 21, 2019:

### ORDER

Upon consideration of Appellant's February 6, 2019[,]
response to the February 4, 2019[,] rule to show cause, and in
light of the fact that on February 6, 2019, counsel for Appellant
filed an untimely "Amended Notice Of Appeal" with the trial court,
without receiving permission from this Court to file the amended
notice of appeal, and the February 6, 2019[,] "Amended Notice Of
Appeal" has been forwarded to this Court for filing, the
Prothonotary of this Court is directed to amend the Superior Court
docket in the above-captioned appeal to reflect that the "Order
Appealed From" is November 1, 2016, and the "Order Type" is
Judgment of Sentence. The Prothonotary of this Court is also
directed to enter on the Superior Court docket in the above-
captioned appeal the following comments:

1. *Nunc pro tunc* relief granted December 12, 2018.
2. "Amended Notice Of Appeal" filed in the trial court on
February 6, 2019.

The issue raised by this Court's Order of February 4, 2019, will
be referred to the panel assigned to decide the merits of this
appeal and the issue will be considered by that panel.

*Per Curiam* Order, 2/21/19.

A clear reading of the Order reveals that while this Court amended the
captions to reflect that Appellant had appealed from his November 1, 2016,
judgment of sentence, *nunc pro tunc* relief was granted on December 12,
2018, and the Amended Notice of Appeal had been filed on February 6, 2019,
without this Court's permission. In amending the captions, this Court did not

find the appeal to have been timely. To the contrary, the clear language of the Order left that issue to the merits panel to decide.

The Majority states that "[t]his Court regularly amends captions to reflect the properly-appealed from orders when parties designate incorrect orders in their notices of appeal[,]" Majority Memorandum at 5 n. 2, and cites to numerous cases wherein this Court corrected captions to denote an appeal from a trial court action which differed from that which an appellant purported to file his or her appeal. However, the act of amending a caption is distinct from a finding of the timeliness of the appeal at issue.

In order to invoke the appellate jurisdiction of this Court, one must file a notice of appeal within thirty (30) days of the entry of an appealable order or judgment of sentence. **In re K.P.**, 872 A.2d 1227, 1230 (Pa.Super. 2005), citing Pa.R.A.P. 903(a). In criminal cases where a defendant files post-sentence motions, the period in which to file a direct appeal is tolled and does not begin to run until the motion is decided. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015), citing Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a) (stating that "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

In this case, the record reflects Appellant never filed a post-sentence motion or a direct appeal following his resentencing on November 1, 2016. Instead, Appellant filed a timely PCRA petition following which the PCRA court

reinstated his appeal rights in its Order entered on December 12, 2018. Rather than file notices of appeal to his judgment of sentence entered on November 2, 2016, *nunc pro tunc*, Appellant filed notices of appeal on December 14, 2018, to the judgment entered on December 12, 2018; however, Appellant prevailed on his PCRA petition, so he was not an aggrieved party to the Order granting *nunc pro tunc* relief on December 12, 2018. **See** Pa.R.A.P. 501 (stating only aggrieved party can appeal decision).

Appellant did not appeal the judgment of sentence entered on November 1, 2016, until February 6, 2019, at which time he filed his untimely "Amended Notice of Appeal." This amended notice of appeal was filed nearly two months after the December 12, 2018, Order reinstating Appellant's direct appeal rights.

Moreover, it is well settled that this Court is prohibited from enlarging the time to file a notice of appeal beyond the thirty-day timeframe absent fraud or a breakdown in the processes of a court. Pa.R.A.P. 105(b), Note. Here, there was no fraud or a breakdown in the processes of a court. Rather, Appellant simply failed to follow the axiomatic rules pertaining to who may file appeals and the time in which that party must file the same.

In **Thorn v. Newman**, 538 A.2d 105 (Pa.Cmwlth. 1988), the Commonwealth Court considered a case transferred by this Court, **see Newman v. Thorn**, 518 A.2d 1231 (Pa.Super. 1986). While this Court is not bound by decisions of the Commonwealth Court, such decisions provide

persuasive authority, and we may turn to our colleagues on that Court for guidance when appropriate. **Petow v. Warehime**, 996 A.2d 1083, 1089 (Pa.Super. 2010). In **Thorn**, the Commonwealth Court quashed the appeal and in doing so stated the following:

> We, like the plaintiffs, are aware of no authorization in Pennsylvania law that permits a party to file an "amended" notice of appeal months after the filing of an initial notice of appeal, for the purpose of effectuating an appeal from an order different from, and dated earlier than, the order noted originally. Because the defendants never filed a timely notice of appeal from the December 9, 1985, order vacating the grant of summary judgment, their appeal from that order is not properly before us and hence must be quashed.

**Id**. at 108.

Based on my review of the record, I would reach the same result herein. Appellant did not file a timely notice of appeal *nunc pro tunc* from the November 1, 2016, judgment of sentence. Instead, on December 14, 2018, Appellant appealed from the judgment entered on December 12, 2018, an order from which he was not an aggrieved party. Appellant's attempt to file an "amended" notice of appeal almost two months after that initial notice of appeal in an apparent effort to effectuate an appeal from the prior November 1, 2016, Order, in my view, must fail.

In light of the foregoing, I would not have reached the merits of the three issues Appellant presents for our determination. To the contrary, I would hold this Court lacks jurisdiction over the instant appeal, and I would

- 6 -

quash the appeal as untimely filed beyond the thirty-day timeframe, not as interlocutory.